BARBARA WATSON, Adm'r of the Estate of John McCarten, Deceased, Plaintiff-Appellant, *v.* ST. ANNES HOSPITAL *et al.*, Defendants-Appellees.— MARY ANN SILVA, Adm'x of the Estate of Patricia Ann Silva, Deceased, Plaintiff-Appellant, *v.* DR. LIM *et al.*, Defendants-Appellees.—WILLIE T. TURNER, Plaintiff-Appellant, *v.* DR. BARRY C. ASHKINAS *et al.*, Defendants-Appellees.—DORIS E. ELLISON, Plaintiff-Appellant, *v.* RALPH WYNN, M.D., *et al.*, Defendants-Appellees.

First District (2nd Division)   Nos. 76-23, 76-77, 76-148, 77-1184 cons.

Opinion filed February 13, 1979.

George W. Brooks, of Chicago, for appellant Barbara Watson.

Lane, Falasz, Munday & Trinley, of Chicago (John J. Munday, of counsel), for appellant Mary Ann Silva.

Mitgang, Levine and Schwartz, of Chicago (John B. Schwartz, of counsel), for appellant Willie T. Turner.

Joseph V. Roddy, of Chicago, for appellant Doris E. Ellison.

French & Rogers, of Chicago (Michael C. Kominiarek, of counsel), for appellees Dr. Shokrollah Yousefi, Dr. Robert A. Goldenberg, Dr. Lim, Dr. Roan, Dr. Barry C. Ashkinas, Dr. Ronald M. Johnson, Dr. Olga M. Jonasson, Dr. George Baird Helfrich, Dr. Manuel P. Blas, Dr. Thomas Lescher, Dr. Thomas Redlin, and Joyce Thrasher.

Baker & McKenzie, of Chicago (Francis C. Morrissey, John T. Coleman, and Daniel J. Cheely, of counsel), for appellees Ralph Wynn, M.D., and Gary Turner, M.D.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

The principal issues common to each of the four cases consolidated for these appeals are whether an action in tort for money damages

allegedly caused by negligence of certain doctors and a nurse who provided medical care to plaintiffs' decedents or plaintiffs must be filed exclusively in the Illinois Court of Claims, because each of defendants was employed by the Board of Trustees of the University of Illinois at the critical times alluded to in each complaint, and whether, at those times, defendants were acting within the parameters of public officials' immunity, or not.

Plaintiff Barbara Watson, administrator of the estate of John McCarten in cause No. 76-23, filed an action in the circuit court for medical malpractice against certain doctors, including Shokrollah Yousefi and Robert A. Goldenberg, for having allegedly failed to properly treat plaintiff's decedent in connection with a tonsillectomy, resulting in his death. Other defendants in the case included the Board of Trustees of the University of Illinois, for which summons was quashed and suit dismissed on February 21, 1973, from which order no appeal was taken. On October 21, 1975, upon motion of Doctors Yousefi and Goldenberg, suit as to them was dismissed on the ground that claims involving employees of the Board of Trustees of the University of Illinois must be heard exclusively by the Court of Claims under section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1973, ch. 37, par. 439.8(d)). From this order plaintiff in this cause appeals. Other defendants in this case are not involved in the appeal.

In cause No. 76-77, plaintiff Mary Ann Silva, administratrix of the estate of Patricia Ann Silva filed an action in the circuit court for medical malpractice against defendant Doctors Toh Heng Lim and Yeai Roan for having allegedly failed to diagnose and treat plaintiff's decedent for certain illnesses including bronchitis, resulting in her death. The Board of Trustees of the University of Illinois was also sued as a party defendant, but was dismissed during the pendency of the case, from which no appeal was taken. On August 11, 1975, a petition was filed by the remaining defendants, accompanied by an uncontroverted affidavit of the administrator of the University of Illinois Hospital stating that defendants Lim and Roan were salaried employees of said institution. The petition, asserting that the circuit court was without jurisdiction and that the Court of Claims had sole jurisdiction of the instant claims, was granted on October 20, 1975, from which this case is appealed.

Plaintiff Willie Turner in cause No. 76-148, filed an action in the circuit court against certain doctors and a nurse, including Doctors Barry C. Ashkinas, Ronald M. Johnson, Olga Jonasson, G. Baird Helfrich, Manuel P. Blas, Thomas Lescher, Thomas Redlin and Nurse Joyce Thrasher, as well as the Board of Trustees of the University of Illinois, for having allegedly improperly treated plaintiff prior to and during surgery for the removal of her gallbladder. The Board of Trustees of the

University of Illinois successfully moved to have itself dismissed, from which no appeal was taken. The above-named individual defendants were also dismissed for lack of jurisdiction of the circuit court on October 9, 1975, upon their motion, contending that an action against employees of the Board of Trustees must be heard exclusively by the Court of Claims of Illinois. From this order, plaintiff in this cause appeals.

In the fourth consolidated cause, No. 77-1184, Doris E. Ellison filed an action in the circuit court against the Board of Trustees of the University of Illinois and Doctors Ralph Wynn and Gary Turner, alleging that defendant doctors negligently assisted in the delivery of plaintiff's baby and failed to perform necessary post-operative procedures. The Board of Trustees was successful in its motion to dismiss, claiming that the circuit court did not have jurisdiction over the subject matter as to the Board, from which no appeal was taken.

Subsequently, Doctors Wynn and Turner filed their motion to dismiss, accompanied by an uncontroverted affidavit of the hospital administrator, stating that said doctors were salaried employees of the University of Illinois Hospital, and seeking dismissal upon the jurisdictional ground that the Court of Claims Act required such action to be pursued solely before the Court of Claims. The affidavit further states that only doctors who were employees of the State of Illinois and subject to the control and supervision of the Board of Trustees of the University of Illinois were permitted to treat or render medical services to plaintiff and that they did so regarding her not as their private patient, but as a patient of the University of Illinois Hospital, while acting within the scope and authority of the Board of Trustees. On June 3, 1977, plaintiff's complaint in this cause was dismissed, from which this appeal is taken.

For the reasons hereinafter stated, we reverse the dismissals of the individual defendants in each of the consolidated cases.

■■ Several peripheral issues have been raised, including questions of waiver by defendants to contest circuit court jurisdiction because of their having entered general appearances and answers, as well as the constitutionality of the Court of Claims Act itself. It is clear, however, that subject matter jurisdiction cannot be waived or consented to by the parties. (*People v. Industrial Savings Bank* (1916), 275 Ill. 139, 140-41, 113 N.E. 937; *In re Estate of Randell* (1973), 12 Ill. App. 3d 640, 641, 298 N.E.2d 735.) Furthermore, the constitutionality of the Act has already been upheld in recent cases (*Williams v. Medical Center Com.* (1975), 60 Ill. 2d 389, 328 N.E.2d 1, and *Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 355 N.E.2d 537). We now proceed directly to the determinative questions presented.

■■ The Board of Trustees of the University of Illinois is a unit of the State of Illinois with respect to immunity from suits against the State

initiated in the circuit court of Cook County. (*Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 719, 377 N.E.2d 237; *Tanner v. Board of Trustees* (1977), 48 Ill. App. 3d 680, 683-84, 363 N.E.2d 208; *Kane v. Board of Governors* (1976), 43 Ill. App. 3d 315, 322, 356 N.E.2d 1340.) The difficulty arises, however, with respect to whether the individual defendants who rendered medical services to the various plaintiffs' decedents and plaintiffs, acting within the scope of their state employment at the pertinent times, and under the direction of the Board of Trustees, must also be sued in the Court of Claims pursuant to section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1973, ch. 37, par. 438.8(d)) or may be sued in the circuit court as in the case of any alleged malpractice action filed against a private physician or nurse.

■ Employees of the State of Illinois are not exempt from liability for their own acts of negligence simply because they were acting within the scope of their employment. (*Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239, 246 N.E.2d 24; *Creamer v. Rude* (1962), 37 Ill. App. 2d 148, 185 N.E.2d 345.) Where the suit is only nominally against an officer or an employee of the state, however, substance will take precedence over form and it will be regarded as an action against the State because the State is the real party against which relief is being sought. (*Posinski v. Chicago Milwaukee St. Paul & Pacific R.R. Co.* (1941), 376 Ill. 346, 351, 33 N.E.2d 869.) This determination depends upon the nature of the employee's alleged misconduct and the relief sought. If said remedy could operate to control the action of the state or subject it to liability, then the suit is deemed to be an action against the state. (*Schwing v. Miles* (1937), 367 Ill. 436, 442, 11 N.E.2d 944; *Hudgens v. Dean* (1977), 53 Ill. App. 3d 126, 129-30, 368 N.E.2d 944; *People ex rel. Maciuba v. Cheston* (1974), 25 Ill. App. 3d 224, 226, 323 N.E.2d 40.) In that instance, the action may be brought only in the Court of Claims. *Tanner v. Board of Trustees; People ex rel. Maciuba; Powers v. Telander* (1970), 129 Ill. App. 2d 10, 262 N.E.2d 342.

■ In each of the instant cases, the Board of Trustees of the University of Illinois has been dismissed, without appeal. No direct or indirect action is being taken by plaintiffs against the Board for damages. It is apparent that plaintiffs are now foreclosed from ever taking such action, whether based upon the doctrine of *respondeat superior* or any other theory. Nor has any theory been advanced by defendants as to how the Board of Trustees can be rendered liable in damages for any judgment which may be entered against the individual defendants. Similar circumstances existed in the case of *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131. In *Madden,* plaintiff's decedent was an inmate of the Illinois State Correctional Facility at Vandalia, who was alleged to have suffered from a hereditary disease which created a severe potassium deficiency.

He died by virtue of the alleged negligence of Dr. Edward A. Kuehn, who had examined the decedent but failed to properly diagnose and treat the disease. Because the physician was an employee of the Illinois Department of Corrections, the trial court dismissed him on motion founded upon the theory that he was immune from suit by reason of his employment by the State at the time of the alleged malpractice. The appellate court found, however, that the suit against the physician was not a suit against the State, holding (56 Ill. App. 3d 997, 1000-01):

> "The question of whether the action against the estate of Dr. Kuehn is, in fact, a suit against the State, turns upon 'the nature of the employee's alleged conduct and relief sought.' * * * In this case, Dr. Kuehn was not asserted to have been acting in an administrative or legislative capacity at the time of his examination and treatment of the decedent. Instead, the duties which he is alleged to have breached are those which every physician owes his patient, rather than obligations incurred solely by virtue of holding a public office. (Compare *Powers v. Telander* (1970), 129 Ill. App. 3d 10; *People ex rel Maciuba v. Cheston* (1974), 25 Ill. App. 3d 224.) The State cannot be rendered liable by this suit, since the action was not filed in the Court of Claims. The recovery which is sought here is against the assets of Dr. Kuehn's estate or malpractice insurance carrier. The suit against Dr. Kuehn's estate can in no way be said to 'control' any action of the State and the State is not the 'real party in interest.' Under these circumstances, the action against the estate of Doctor Kuehn is not effectively a suit against the State."

We hold in the instant cases, that plaintiffs' suits against the individual defendants seek recovery against their personal assets or such insurance as they may carry and, because the State is not amenable to liability and its actions are not subject to control for its alleged negligence, the State is not the real party in interest and the suits are not actions against the State which require that they be filed in the Court of Claims.

■■ Defendants' counsel on oral argument urged this court to recognize that the individual defendants would not be likely to carry professional liability insurance; that if there is insurance, it has been supplied by the State as a protection to the individuals; that to hold the individual defendants liable under these circumstances would discourage them and others from seeking employment through the State; and that State funds were, after all, used in order to maintain the hospitals which accorded treatment to the injured parties and financially provided the necessary staff. None of the foregoing assertions are supported by any evidence in the record, however, and may not be considered for the purposes of determining the issues herein. Indeed, were they so supported, in any case

they would not compel a conclusion different from that which we reach. Similarly, the existence or absence of insurance cannot affect the result. *Powers v. Telander.*

In their final argument, counsel representing defendants are in disagreement with respect to whether the issue of public officials' immunity should be applied to the facts of this case. Counsel for certain defendants argue that public officials' immunity applies to said defendants because their duties were governmental and required them to regularly exercise judgment and discretion in providing medical care to patients as opposed to functions which were merely ministerial, relying on *Anderberg v. Newman* (1972), 5 Ill. App. 3d 736, 283 N.E.2d 904; *Powers v. Telander* (1970), 129 Ill. App. 2d 10, 262 N.E.2d 342; *Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239, 246 N.E.2d 24. Counsel representing Doctors Wynn and Turner, however, maintain that they have never contended that plaintiff Ellison is not entitled to pursue her claim in the Court of Claims. We shall nevertheless address ourselves to this issue.

■■ The applicability of public officials' immunity is dependent upon whether the State employee's conduct was discretionary or merely ministerial; if the latter, he may not rely upon immunity as a defense. (*Mora v. State of Illinois* (1977), 68 Ill. 2d 223, 369 N.E.2d 868; *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 1001, 372 N.E.2d 1131.) This issue was also considered in the *Madden* case, which as previously noted, involved a prison physician who was sued individually in the circuit court. In upholding that action, the appellate court in *Madden* stated (56 Ill. App. 3d 997, 1001-02):

> "Almost any task, no matter how mundane, even 'the driving of a nail,' admits of a degree of discretion. * * * [C]ases holding public officials to have acted within their official discretion have generally involved actions and duties unique to a particular public office. (See, *e.g., Anderberg v. Newman* (1972), 5 Ill. App. 3d 736 (abstract) (involving an administrative decision by State doctors to release plaintiff's decedent's mother from a State mental institution); *Kelly v. Ogilvie* (1965), 64 Ill. App. 2d 144, *aff'd* (1966), 35 Ill. 2d 297 (sheriff and warden not personally liable for results of administrative decision to use the 'barn boss' system for policing the county jail); *People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485 (EPA director and deputy director held to have acted within their official discretion in incurring litigation costs for proceedings brought by EPA before the Pollution Control Board); *Mora v. State* (1977), 68 Ill. 2d 223 (determination by State Highway official regarding establishment of a 'no passing' zone held to be within official discretion).) * * * Thus, an act is held to be 'discretionary' not merely because it involves the exercise of

judgment and skill (for undoubtedly even the operation of a motor vehicle requires this), but because the act is essentially 'governmental in character.' (See *Mora v. State* (1977), 68 Ill. 2d 223, 233, quoting, *Lusietto v. Kingan* (1969), 107 Ill. App. 3d 239, 244.) In the case before us, Dr. Kuehn's actions as set forth in the complaint were not governmental in character and were, therefore, not 'discretionary.' There is nothing unduly burdensome in holding that physicians employed by the Department of Corrections owe inmates whom they treat the same duty of care which they owe their patients in private practice. (*Cf. Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703 (suggestion that law officers owe no general duty of care to those who have been arrested and incarcerated held contrary to sound public policy).) We therefore hold that Dr. Kuehn was not immune from suit merely because he was in the employ of the State."

As in *Madden*, no allegations set forth in the instant complaints demonstrate that the actions allegedly undertaken by defendants were governmental in character or were in the exercise of official discretion; nor do the answers and affidavits submitted by defendants compel a contrary conclusion. From the foregoing, therefore, it appears that defendants were engaged in the same endeavors and functions as those performed by their counterparts in private practice. Defendants may not avail themselves of public officials' immunity in the present posture of these consolidated cases.

The trial court's orders dismissing the complaints as to the individual defendants in the consolidated cases are reversed and the causes are remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STAMOS, P. J., and DOWNING, J., concur.