DEBORAH KIERSCH, Plaintiff-Appellant v. AGNES OGENA, Defendant-Appellee.

Fourth District    No. 4—91—0764

Opinion filed June 29, 1992.—Rehearing denied July 30, 1992.

Timothy W. Kelly, of Allison & Kelly, of Bloomington, for appellant.

Joseph J. Goleash, Jr., of Illinois State University, of Normal, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In October 1990, plaintiff, Deborah Kiersch, filed a medical malpractice action against defendant, Agnes Ogena, a medical doctor licensed in the State of Illinois. The complaint alleged that defendant was employed by Illinois State University (ISU) as a physician for student health services and that she negligently treated plaintiff, who

was an ISU student at the time. In November 1990, defendant filed a motion to dismiss, arguing (1) the case had to be heard in the Illinois Court of Claims, and (2) the circuit court did not have subject-matter jurisdiction because plaintiff's claim was essentially against the State of Illinois. In September 1991, the trial court granted defendant's motion to dismiss. Plaintiff appeals and we reverse.

## I. BACKGROUND

In her complaint, plaintiff alleged that defendant provided medical treatment to plaintiff by attempting to remove a wart from her right hand through the use of bichlorocetic acid. Plaintiff alleged that while applying the acid to her hand, defendant negligently allowed the acid to drip onto other, healthy portions of plaintiff's hand, thereby causing severe burns. Plaintiff's complaint concluded by alleging that because of defendant's negligent treatment, plaintiff had incurred pain and suffering, had suffered additional medical expenses, had been disfigured, and would incur pain and suffering in the future. Plaintiff prayed for damages against defendant in excess of $15,000.

Defendant moved to dismiss under section 2—619(a)(1) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(1)), alleging that she was employed by ISU and acted within the scope of her employment at the time of the alleged injury. Therefore, defendant asserted that plaintiff's complaint sounded in tort against the State of Illinois, that the circuit court did not have subject-matter jurisdiction over tort claims against the State, and thus plaintiff's complaint could be brought only in the Court of Claims. In support of defendant's motion to dismiss, she attached an exhibit which indicated that ISU provided legal representation and indemnification for its employees, as follows:

> "[For] a claim of action instituted against *** [an ISU] employee *** which is based upon *** injury allegedly arising from an act or omission occurring within the scope of duties on behalf of [ISU]. Upon timely request of the [employee, ISU] shall determine the appropriateness of providing counsel for the defense of the claim or action and indemnification for actual costs incurred as a result of such claim or action. [ISU] *** shall provide such defense and indemnification upon a determination that the individual has acted in good faith, without malice, and within the apparent scope of his or her authority. *** Legal representation and indemnification is subject to the representation and indemnification of State Employees [Indemnification] Act."

Based upon the above ISU policy, defendant argued at the trial level (and repeats the argument here) that the State of Illinois is the true party at risk in satisfying any monetary judgment that might be rendered against defendant because the State, through ISU policymakers, has elected to indemnify employees such as defendant. The trial court agreed with this argument and dismissed plaintiff's complaint for the following reasons:

"2. That Defendant was at the time of the alleged injury an employee of the State of Illinois, namely, the Board of Regents of the Regency Universities System, a body corporate and politic of the State;

3. That Defendant was acting within the scope of her employment at the time of the alleged negligent act;

4. That employees of the State are not immune from suit for their own negligence merely because they are acting within the scope of their employment;

5. That the State through the Board of Regents has promulgated a policy indemnifying employees sued for negligence, thus rendering the State rather than the Defendant the liable party;

6. That claims sounding in tort against the State of Illinois may only be brought under the waiver of sovereign immunity granted under the provisions of the Court of Claims Act[.]"

Because this case comes before us on an appeal from the trial court's granting defendant's motion to dismiss, we must accept all well-pleaded facts contained in plaintiff's complaint as true. *Munizza v. City of Chicago* (1991), 222 Ill. App. 3d 50, 52, 583 N.E.2d 561, 563.

## II. ANALYSIS

In *Currie v. Lao* (1992), 148 Ill. 2d 151, 592 N.E.2d 977, the supreme court recently addressed an argument identical to that made by defendant in the present case (albeit in a different factual context). In *Currie*, defendant Lao was an Illinois State trooper who responded to a reported disturbance within the City of Joliet. The record did not reveal why defendant did so, considering that Joliet has its own police force. As Lao drove to the location of the disturbance, he got lost and wound up driving the wrong way on a one-way street. Lao's automobile collided with Currie's vehicle, and Currie sued Lao for negligence. A trial was held, and the jury returned a verdict for Currie and awarded him money damages. *Currie*, 148 Ill. 2d at 157, 592 N.E.2d at 979.

As does defendant in the present case, Lao argued on appeal that plaintiff's suit was in reality a claim against the State because Lao was performing his official duties as a State trooper at the time of the

accident. Therefore, Lao argued, because sovereign immunity dictates that the State can be sued only in the Court of Claims, that court has exclusive jurisdiction over the matter and the circuit court was without subject-matter jurisdiction to hear the case. (*Currie*, 148 Ill. 2d at 157, 592 N.E.2d at 979.) The supreme court disagreed and wrote the following:

> "Article XIII, section 4, of the Illinois Constitution of 1970 abolished sovereign immunity '[e]xcept as the General Assembly may provide by law.' (Ill. Const. 1970, art. XIII, §4.) Pursuant to this grant of authority, the legislature enacted the State Lawsuit Immunity Act, which provides, in pertinent part:

> 'Except as provided in *** "AN ACT to create the Court of Claims ***", *** the State of Illinois shall not be made a defendant or party in any court.' Ill. Rev. Stat. 1987, ch. 127, par. 801.

> The Court of Claims Act established the Court of Claims and endowed it with the exclusive jurisdiction to hear certain matters, including the following:

> '(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, *** provided, that an award for damages in a case sounding in tort, other than certain cases involving the operation of a State vehicle described in this paragraph, shall not exceed the sum of $100,000 to or for the benefit of any claimant. The $100,000 limit prescribed by this Section does not apply to an award of damages in any case sounding in tort arising out of the operation by a State employee of a vehicle owned, leased or controlled by the State.' (Ill. Rev. Stat. 1987, ch. 37, par. 439.8(d).)

> The issue before us is whether plaintiff's claim against Lao, an employee of the State of Illinois, is in reality a claim against the State such that the Court of Claims has exclusive jurisdiction over the action.

> The determination of whether an action is in fact a suit against the State turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties. [Citations.] An action brought nominally against a State employee in his individual capacity will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability. [Citation.]

\*\*\* [T]he proper inquiry is to analyze the source of the duty the employee is charged with breaching in committing the allegedly negligent act. Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court. [Citations.] Conversely, where the employee is charged with breaching a duty imposed on him *independently* of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court. [Citations.] In other words, where an employee of the State, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his State employment, a suit against him will not be shielded by sovereign immunity.

This distinction best preserves the spirit of the sovereign immunity doctrine. The legislative grant of sovereign immunity shields the *State* from being hailed into circuit court; it is *not* a blanket grant of immunity for all State employees." (Emphasis in original.) *Currie*, 148 Ill. 2d at 157-59, 592 N.E.2d at 979-80.

The supreme court concluded that the duty Lao was charged with breaching did not arise as a result of his employment as a State trooper, but rather arose as a result of his status as the driver of an automobile on a public roadway. (*Currie*, 148 Ill. 2d at 161-62, 592 N.E.2d at 981.) The court specifically rejected Lao's sovereign immunity argument and stated, "we find under the facts of this case that Lao was not performing an uniquely governmental function at the time of the collision." (*Currie*, 148 Ill. 2d at 162, 592 N.E.2d at 981.) In so holding, the supreme court distinguished this court's decision in *Campbell v. White* (1991), 207 Ill. App. 3d 541, 566 N.E.2d 47, wherein the defendant was a State law enforcement officer engaged in a high-speed chase of a suspect. This court held that the defendant in *Campbell* was operating his motor vehicle in a manner in which only a governmental official is authorized to act. Quoting *Campbell*, the supreme court wrote the following:

" 'The actions complained of are within defendant's normal and official functions as an agent of the State. And, *while defendant ordinarily would owe a duty to the general public not to drive negligently*, the specific acts of negligence \*\*\* alleged revolve around the operation of a State Police vehicle in a manner *uniquely related* to his State employment \*\*\*. \*\*\* Such an action is only nominally against the individual em-

ployee and must be brought in the Court of Claims.' (Emphasis added.) (*Campbell*, 207 Ill. App. 3d at 552.)

Thus, crucial to the court's decision in *Campbell* was its finding that the defendant's acts of negligence arose out of his driving his vehicle in a manner uniquely related to his governmental employment. As stated, Lao's operation of his vehicle at the time of the collision was not uniquely related to his position as a State trooper." *Currie*, 148 Ill. 2d at 164-65, 592 N.E.2d at 982-83.

We view the supreme court's decision in *Currie* as reaffirming the appellate court's analysis in both *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131, and *Watson v. St. Annes Hospital* (1979), 68 Ill. App. 3d 1048, 386 N.E.2d 885. In *Madden*, plaintiff filed a wrongful death action against Dr. Kuehn, a prison physician, alleging that he negligently treated plaintiff's decedent, who died as a result. (*Madden*, 56 Ill. App. 3d at 998-99, 372 N.E.2d at 1132.) Dr. Kuehn died before plaintiff filed suit, so his estate was the designated defendant. Dr. Kuehn's estate raised the same argument regarding sovereign immunity that defendant raises in the present case. The *Madden* court rejected that argument and wrote the following:

"A suit nominally against an officer or employee of the State should be regarded as an action against the State '*** if the State, *** is the real party against which relief is sought.' [Citation.] In this case, Dr. Kuehn was not asserted to have been acting in an administrative or legislative capacity at the time of his examination and treatment of the decedent. Instead, the duties which he is alleged to have breached are those which every physician owes his patient, rather than obligations incurred solely by virtue of holding a public office. [Citations.] The State cannot be rendered liable by this suit, since the action was not filed in the Court of Claims. The recovery which is sought here is against the assets of Dr. Kuehn's estate or malpractice insurance carrier. The suit against Dr. Kuehn's estate can in no way be said to 'control' any action of the State and the State is not the 'real party in interest.' Under these circumstances, the action against the estate of Doctor Kuehn is not effectively a suit against the State." *Madden*, 56 Ill. App. 3d at 1001, 372 N.E.2d at 1133-34.

In *Watson*, plaintiff filed a medical malpractice action against physicians employed by the University of Illinois. Again, the defendant-physicians argued that the suit against them had to be dismissed on the ground that claims involving State employees must be heard exclusively in the Court of Claims. (*Watson*, 68 Ill. App. 3d at 1050-51, 386 N.E.2d at 886-87.) The trial court granted defendants' motion to dismiss, and

the appellate court reversed. In so doing, the court cited *Madden* approvingly and wrote the following:

> "We hold in the instant cases, that plaintiffs' suits against the individual defendants seek recovery against their personal assets or such insurance as they may carry and, because the State is not amenable to liability and its action are not subject to control for its alleged negligence, the State is not the real party in interest and the suits are not actions against the State which require that they be filed in the Court of Claims.

> Defendants' counsel on oral argument urged this court to recognize that the individual defendants would not be likely to carry professional liability insurance; that if there is insurance, it has been supplied by the State as a protection to the individuals; that to hold the individual defendants liable under these circumstances would discourage them and others from seeking employment through the State; and that State funds were, after all, used in order to maintain the hospitals which accorded treatment to the injured parties and financially provided the necessary staff. None of the foregoing assertions are supported by any evidence in the record, however, and may not be considered for the purposes of determining the issues herein. Indeed, were they so supported, in any case they would not compel a conclusion different from that which we reach. Similarly, the existence or absence of insurance cannot affect the result." *Watson,* 68 Ill. App. 3d at 1053-54, 386 N.E.2d at 889.

As in *Madden* and *Watson,* the duty plaintiff alleges that defendant breached in this case arose independently of her State employment and is no different than that duty which any physician owes to her patient. Consistent with the supreme court's decision in *Currie,* we hold that sovereign immunity does not attach in the present case. Accordingly, plaintiff's negligence claim may be maintained against defendant in circuit court because defendant "is charged with breaching a duty imposed on [her] *independently* of [her] State employment." (Emphasis in original.) *Currie,* 148 Ill. 2d at 159, 592 N.E.2d at 980.

We also reject defendant's argument that ISU's provision for legal representation and indemnification of its employees somehow transforms *all suits* against ISU employees in their individual capacities into suits against the State, requiring that such suits be brought in the Court of Claims. In response to this argument, plaintiff correctly points out that defendant confuses *liability* with *indemnity*—that is, defendant tries to equate ISU's decision to indemnify its employees

with direct liability of ISU for its employees' negligent conduct. The two are not the same, and the decision of ISU to indemnify its employees does not deprive the circuit courts of subject-matter jurisdiction over claims otherwise properly brought in the circuit court.

In so holding, we note that there is nothing particularly unusual about ISU's policy to provide legal representation and indemnification for its employees in tort cases brought against them personally. The written policy of ISU on this subject, quoted earlier in this opinion, cites the State Employee Indemnification Act (Act) (Ill. Rev. Stat. 1989, ch. 127, par. 1301 *et seq.*), which provides, in section 2(a) thereof, for legal representation and indemnification of *every* State employee under circumstances similar to those discussed in the ISU policy. (See Ill. Rev. Stat. 1989, ch. 127, par. 1302(a).) Yet, section 2(d) of the Act (Ill. Rev. Stat. 1989, ch. 127, par. 1302(d)) speaks of findings made by "the court or jury," thereby clearly indicating that the legislature contemplated that actions against State employees for damages, for which the State would be obligated to indemnify the employees under the Act, might be brought in circuit court, as opposed to the Court of Claims. This conclusion follows because the Court of Claims conducts its judicial business without juries. See Ill. Rev. Stat. 1989, ch. 37, par. 439.16.

If the State's indemnification of State employees were sufficient by itself (as defendant argues) to deprive the circuit court of subject-matter jurisdiction and to require all tort claims against such employees to be heard in the Court of Claims, then the supreme court's analysis in *Currie*—deciding whether a tort claim against the defendant State trooper should be heard in the Court of Claims—would be utterly pointless. Accordingly, we find defendant's argument regarding indemnity to be without merit.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's dismissal of plaintiff's complaint and remand this cause for further proceedings consistent with the views expressed herein.

Reversed and remanded.

KNECHT and LUND, JJ., concur.