KIMBERLY KAY COTTRILL, f/k/a Kimberly Kay Gill, Plaintiff-Appellee, v. ROBERT RUSSELL, Defendant-Appellant.

Fourth District   No. 4—93—0313

Argued October 20, 1993.—Opinion filed December 9, 1993.

Gary M. Peplow and Bradley S. McMillan (argued), both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Matthew J. Maurer (argued), of Fuiten & Maurer, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

On January 9, 1992, plaintiff, Kimberly Kay Cottrill, f/k/a Kimberly Kay Gill, filed a negligence action against defendant Dr. Robert Russell. Defendant moved to dismiss the complaint for lack of subject-matter jurisdiction, arguing section 8a(3) of the Southern Illinois University Management Act (Act) (Ill. Rev. Stat. 1991, ch. 144, par. 658a(3)) required all claims brought against a physician employed by Southern Illinois University School of Medicine (SIU School of Medicine) to be brought in the Court of Claims. The circuit court denied the motion to dismiss, but certified, for purposes of a permissive interlocutory appeal under Supreme Court Rule 308 (134 Ill. 2d R. 308), the question of whether the Court of Claims had exclusive jurisdiction over the matter. We answer the question no, and affirm.

## I. BACKGROUND

This case involves the interpretation and application of sections 8a(2) and (3) of the Act, which provide:

"(2) The Board [of Trustees of Southern Illinois University] shall have power to insure the Board, the universities under Board jurisdiction, Board members, paid and unpaid employees of the Board, and any students, volunteer workers, visiting faculty and professionals who are agents of the Board in the performance or delivery of its programs or services against claims, damages, losses, expenses and civil suits arising out of statements, acts or omissions in the discharge of their duties, which statements, acts or omissions do not involve intentional or willful and wanton misconduct on the part of such persons; and to insure against losses to real and personal property owned by the Board or in the actual or constructive custody of the Board and for loss of income from such real and personal property. The Board shall have power to defend, hold harmless and indemnify, in whole or in part, all persons as to whom any such insurance is provided. ***

* * *

(3) As to all claims, damages, losses, expenses and civil suits covered by insurance provided by the Board or as to which the Board has not provided insurance, to the extent permitted by law, *sovereign immunity shall apply and recourse shall be limited to the Court of Claims.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 144, pars. 658a(2), (3).

On January 9, 1992, plaintiff filed a two-count complaint against defendant, seeking damages for injuries she allegedly sustained due to defendant's negligent medical treatment of her. Specifically, the complaint charged defendant acted negligently in the course of performing nose surgery on plaintiff and in his follow-up care.

In response, defendant filed a motion to dismiss for lack of subject-matter jurisdiction, pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619). He alleged he was an employee of SIU School of Medicine, and any services rendered by him in regard to plaintiff were made as an employee of SIU School of Medicine. He further alleged under section 8a(2) of the Act the Board has established a self-insurance program and the program covered the alleged negligent acts. Defendant, therefore, contended under section 8a(3) the circuit court was without subject-matter jurisdiction to hear the complaint because recourse could only be had in the Court of Claims.

Attached to the motion was an affidavit by Joseph M. Yusko, director of risk management for the self-insurance program for the SIU system. As director of risk management, he asserted he had the authority to make the determination of coverage with respect to a named insured under the insurance program. Having reviewed plaintiff's complaint, he stated defendant was covered by the insurance program for those acts charged in plaintiff's complaint.

Plaintiff answered defendant's motion to dismiss by asserting there was no evidence in the record to suggest the services rendered by defendant in examining, diagnosing, and treating her were made by him as an employee of SIU School of Medicine. Rather, she asserted the evidence at trial would establish defendant was paid directly for his services as a private physician and therefore could be sued in circuit court.

In January 1993, the court denied defendant's motion to dismiss, but later certified the following question for appeal:

> "Whether, by enacting Ill. Rev. Stat. 1991, ch. 144, par. 658a(3): The General Assembly intended that, for all claims, damages, losses, expenses and civil suits against physicians employed by Southern Illinois University School of Medicine, and covered by a self-insurance program provided by the Board of Trustees of Southern Illinois University, as authorized by Ill. Rev. Stat. 1991, ch. 144, par. 658a(2), (3), sovereign immunity shall apply and recourse shall be limited to the court of claims."

## II. MOTION TO STRIKE

■ We first consider defendant's motion to strike certain portions of plaintiff's brief. First, defendant moves to strike pages 10 through 13 of plaintiff's statement of facts as in violation of Supreme Court Rule 341(e)(6) (134 Ill. 2d R. 341(e)(6)). He argues this portion of plaintiff's brief is replete with argument and citation to case law and should be stricken as it is conclusory, argumentative and not grounded on objective facts. No response was filed to this motion, and it was taken with the case.

Supreme Court Rule 341(e)(6) provides in part the statement of facts section of an appellate brief "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." 134 Ill. 2d R. 341(e)(6).

Defendant is correct pages 10 through 13 of plaintiff's statement of facts contain argumentative language and several citations to case law, which is inappropriate for a statement of facts and against the mandates of Rule 341(e)(6). Plaintiff's statement of facts nevertheless complies with Rule 341(e)(6) in other respects by making reference to the record and by setting forth other fairly innocuous representations of fact. (*Knight v. Haydary* (1992), 223 Ill. App. 3d 564, 579-80, 585 N.E.2d 243, 254.) Where violations of supreme court rules are not so flagrant as to hinder or preclude review, the striking of a brief in whole or in part may be unwarranted. *Knight*, 223 Ill. App. 3d at 580, 585 N.E.2d at 254; *James v. Yasunaga* (1987), 157 Ill. App. 3d 450, 452, 510 N.E.2d 531, 533.

The errant remarks in question do not render the statements so misleading as to interfere with this court's review of the case, especially since these remarks were taken virtually verbatim from plaintiff's answer to defendant's motion to dismiss, which was included in the record on appeal. Under the circumstances, pages 10 through 13 of plaintiff's statement of facts need not be stricken (*City of Highwood v. Obenberger* (1992), 238 Ill. App. 3d 1066, 1073, 605 N.E.2d 1079, 1083; *Village of Fox River Valley Gardens v. Lake County Forest Preserve District* (1992), 224 Ill. App. 3d 919, 924, 586 N.E.2d 813, 817), but will simply be disregarded.

■ Defendant also contends certain attachments to plaintiff's brief and reference thereto must be stricken. Attached to plaintiff's brief is a motion to amend the original complaint and a copy of the amended complaint. The motion to amend was filed long after the circuit court denied defendant's motion to dismiss, from which this ap-

peal is taken, and this court's granting of the leave to appeal. Defendant has moved to strike this material as an improper attempt to offer evidence not of record in the circuit court or on appeal.

These documents were not presented to the circuit court until after this appeal had been taken and were not part of the record before the circuit court when it made its ruling. They are not properly before this court. Attachments to briefs not otherwise of record are not properly before a reviewing court and cannot be used to supplement the record. (*Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1989), 186 Ill. App. 3d 955, 958-59, 542 N.E.2d 1294, 1297, *aff'd* (1991), 143 Ill. 2d 188, 572 N.E.2d 920; *Flannery v. Lin* (1988), 176 Ill. App. 3d 652, 655, 531 N.E.2d 403, 405.) Thus, a court may not rely on such material and it should be stricken from the brief, as well as any reference to those materials. (*Zimmer v. Melendez* (1991), 222 Ill. App. 3d 390, 395, 583 N.E.2d 1158, 1162.) Further, reference to matters outside the record violates Supreme Court Rule 341(e)(7) (134 Ill. 2d R. 341(e)(7)). Accordingly, defendant's motion to strike plaintiff's motion to amend the complaint and the amended complaint itself is allowed, and both are stricken from the appendix of plaintiff's brief, as are the references to these documents on page 14 of her brief. See *Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 415, 259 N.E.2d 282, 289; *In re Estate of Marks* (1992), 231 Ill. App. 3d 313, 320, 595 N.E.2d 717, 721.

### III. Sovereign Immunity

Defendant alleges he was a full-time physician employed by SIU School of Medicine and any medical service rendered by him in treating plaintiff was done as an employee of SIU School of Medicine and in the course of or in support of his academic responsibilities. Since all the allegations of negligence involved acts or omissions of a full-time physician for SIU School of Medicine, he contends under the plain language of sections 8a(2) and (3) subject-matter jurisdiction of the complaint lies exclusively in the Court of Claims. To rule otherwise, he asserts, would engraft an exception into the statute not intended by the legislature. He further maintains the "obvious" legislative intent of these sections was to protect SIU from excessive liability claims stemming from the negligent acts of its employees. He argues allowing suits of this nature to be brought in the circuit court does not advance the legislature's intent of protecting medical professionals from excessive liability and is in direct contravention of the express language of the Act.

In response, plaintiff contends the negligent acts she cites in her complaint arose independently of defendant's State employment. Therefore, sovereign immunity does not attach to the particular claim, and it may be brought in the circuit court. She further argues sections 8a(2) and (3) do not unambiguously provide for exclusive jurisdiction in the court of claims for her negligence action against defendant. Rather, she asserts section 8a(3) provides sovereign immunity applies to " *'the extent permitted by law.'* " (Emphasis in original.) Since this action involves an independent duty between a patient and physician, she alleges recourse against defendant is not limited to the Court of Claims and her action was properly filed in the circuit court.

No Illinois court has addressed the ramifications of insurance coverage under sections 8a(2) and (3) of the Act to the concept of sovereign immunity. We must analyze the statutory language and the doctrine of sovereign immunity to resolve this issue.

■ Section 8a(2) is unambiguous and grants SIU the power to self-insure all its employees, including professionals, against all claims arising out of acts or omissions in the discharge of their duties, which acts or omissions do not involve intentional or wilful and wanton misconduct. The Board would then also have the power to defend, hold harmless and indemnify all persons to whom such insurance is provided. Defendant, as a full-time physician employed by SIU School of Medicine, falls within the class of people the Board's insurance would cover. Defendant would then be insured against all negligence actions arising out of acts or omissions carried out in the discharge of his duties to the Board. It is not clear from the record whether performing certain operations was part of defendant's professional duties. However, assuming defendant was acting within the scope of his employment when the alleged negligent acts occurred, section 8a(3) seems to indicate, as to all claims covered by the insurance provided by the Board, sovereign immunity applies to protect a physician from civil liability for acts of medical negligence, except as may be adjudicated against the State of Illinois in the Court of Claims. As a physician employed by SIU School of Medicine, .any action for negligence brought against him would have to be brought in the Court of Claims. Because plaintiff does not allege defendant acted outside the scope of his authority or in violation of law, exclusive jurisdiction would seem to lie in the Court of Claims, and plaintiff's action must then be dismissed. However, the scope of sovereign immunity as it applies to physicians employed by the State of Illinois has been substantially restricted and under certain circumstances subjects such a physician to liability in circuit court.

■ In *Currie v. Lao* (1992), 148 Ill. 2d 151, 592 N.E.2d 977, the supreme court addressed the application of sovereign immunity. In *Currie*, plaintiff brought an action against defendant, a State trooper, for injuries he sustained when defendant's patrol car collided with his pickup truck. The case was tried by a jury, which returned a verdict in favor of plaintiff. Defendant appealed, arguing the doctrine of sovereign immunity barred plaintiff from pursuing a claim in circuit court. He contended the suit was really a claim against the State because he was performing his official duties as a trooper at the time of the collision. Therefore, sovereign immunity dictated the State could only be sued in the Court of Claims. The supreme court disagreed and wrote:

> "Article XIII, section 4, of the Illinois Constitution of 1970 abolished sovereign immunity '[e]xcept as the General Assembly may provide by law.' (Ill. Const. 1970, art. XIII, §4.) Pursuant to this grant of authority, the legislature enacted the State Lawsuit Immunity Act, which provides, in pertinent part:
>
> 'Except as provided in *** "AN ACT to create the Court of Claims ***", *** the State of Illinois shall not be made a defendant or party in any court.' Ill. Rev. Stat. 1987, ch. 127, par. 801.
>
> The Court of Claims Act established the Court of Claims and endowed it with the exclusive jurisdiction to hear certain matters, including the following:
>
> '(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, *** provided, that an award for damages in a case sounding in tort, other than certain cases involving the operation of a State vehicle described in this paragraph, shall not exceed the sum of $100,000 to or for the benefit of any claimant. The $100,000 limit prescribed by this Section does not apply to an award of damages in any case sounding in tort arising out of the operation by a State employee of a vehicle owned, leased or controlled by the State.' (Ill. Rev. Stat. 1987, ch. 37, par. 439.8(d).)
>
> The issue before us is whether plaintiff's claim against Lao, an employee of the State of Illinois, is in reality a claim against the State such that the Court of Claims has exclusive jurisdiction over the action.
>
> The determination of whether an action is in fact a suit against the State turns upon an analysis of the issues involved

and the relief sought, rather than the formal designation of the parties. [Citations.] An action brought nominally against a State employee in his individual capacity will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability. [Citation.]

A State employee is not immunized by sovereign immunity for his own acts of negligence merely because he was acting within the scope of his employment. [Citation.] *** [T]he proper inquiry is to analyze the source of the duty the employee is charged with breaching in committing the allegedly negligent act. Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court. [Citations.] Conversely, where the employee is charged with breaching a duty imposed on him *independently* of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court. [Citations.] In other words, where an employee of the State, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his State employment, a suit against him will not be shielded by sovereign immunity.

This distinction best preserves the spirit of the sovereign immunity doctrine. The legislative grant of sovereign immunity shields the *State* from being hailed into circuit court; it is *not* a blanket grant of immunity for all State employees. The rationale behind extending the immunity to State employees in certain situations is that a suit against that employee could operate to control the actions of the *State,* thereby allowing the State's immunity to be circumvented. [Citation.] Limiting immunity for a State employee to situations where he breaches a duty imposed on him solely by virtue of his official position furthers this rationale, for control over the actions and policies of the State could be achieved only by controlling the employee's performance of his 'official' actions. A State employee who breaches a duty he owes regardless of his State employment is no more entitled to immunity than is a private individual who breaches that same duty; the mere fact of his State employment should not endow him with heightened protection." (Emphasis in original.) *Currie,* 148 Ill. 2d at 157-60, 592 N.E.2d at 979-80.

The supreme court concluded the duty defendant was charged with breaching did not arise as a result of his employment as a trooper, but rather "arose as a result of his status as the driver of an automobile on a public roadway." (*Currie*, 148 Ill. 2d at 161-62, 592 N.E.2d at 981.) It further rejected defendant's sovereign immunity argument and stated "under the facts of this case *** [defendant] was not performing a uniquely governmental function at the time of the collision." *Currie*, 148 Ill. 2d at 162, 592 N.E.2d at 981.

In *Kiersch v. Ogena* (1992), 230 Ill. App. 3d 57, 595 N.E.2d 696, this court looked to the supreme court's opinion in *Currie* in resolving whether a medical malpractice action against defendant, a medical doctor employed by Illinois State University as a physician for student health services, must be heard in the Court of Claims. In reviewing the supreme court's opinion in *Currie*, this court stated it viewed the supreme court's decision as reaffirming the analysis in both *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 1001, 372 N.E.2d 1131, 1133-34, and *Watson v. St. Annes Hospital* (1979), 68 Ill. App. 3d 1048, 1055, 386 N.E.2d 885, 890, which held the duties the State-employed physician were alleged to have breached were those which *every* physician owes his patient, rather than obligations incurred solely by virtue of holding a public office, and therefore sovereign immunity did not attach. (*Kiersch*, 230 Ill. App. 3d at 62-63, 595 N.E.2d at 700.) As in *Madden*, and *Watson*, this court found the duty plaintiff alleged defendant breached arose independently of State employment and was no different than that duty which any physician owed to a patient. Consistent with *Currie*, this court, therefore, held sovereign immunity did not attach, and plaintiff's negligence action could properly be maintained against defendant in circuit court because defendant was charged with breaching a duty imposed upon her independently of her State employment. *Kiersch*, 230 Ill. App. 3d at 63, 595 N.E.2d at 701.

■ As in the foregoing cases, the duty plaintiff alleges defendant breached arose independent of his State employment and is the duty every physician owes to his patient, rather than an obligation incurred by virtue of holding a public office. Sovereign immunity does not attach as the case is not one against the State, and the Court of Claims would have no jurisdiction to hear the case. Accordingly, plaintiff's negligence action could be maintained against defendant in the circuit court because the breach of duty was "imposed on him *independently* of his State employment." (Emphasis in original.) *Currie*, 148 Ill. 2d at 159, 592 N.E.2d at 980.

Although the language of section 8a(3) of the Act might be interpreted as intended to do away with the doctrine of *Kiersch* as far as persons coming within the coverage of sections 8a(2) and (3) are concerned, we conclude that the limiting phrase of section 8a(3) of the Act "to the extent permitted by law" has a different meaning. The quoted language indicates an intention to retain the case law exception to immunity of State employees set forth in *Currie* and *Kiersch*.

The question may well be asked as to why the legislature enacted section 8a(3) of the Act if it does not grant State employees immunity not previously existing. An answer to that question might well be the legislature wanted to make sure the furnishing of liability insurance did not waive existing immunity. (See *Thomas v. Broadlands Community Consolidated School District No. 201* (1952), 348 Ill. App. 567, 575-76, 109 N.E.2d 636, 641.) Thus, the insurance provisions of sections 8a(2) and (3) of the Act neither create nor waive any sovereign immunity.

The judgment of the circuit court is affirmed.

Affirmed.

LUND and GREEN, JJ., concur.