FLORENE G. LANDON, Plaintiff-Appellant, v. GERALD E. JARVIS, Defendant-Appellee.

First District (5th Division)   No. 1—91—3802

Opinion filed October 15, 1993.

Jeffrey M. Goldberg & Associates, Ltd. (Jeffrey M. Goldberg, Mark N. Pera, and Deborah A. Arbogast, of counsel), and Ball & Geraghty (James M. Geraghty, of counsel), both of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield (John P. Schmidt, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE COUSINS delivered the opinion of the court:

Florene G. Landon (plaintiff) appeals the circuit court's dismissal of her claim against Illinois Department of Transportation (IDOT) tow truck operator Gerald E. Jarvis (defendant). Plaintiff's car collided with defendant's tow truck which, during the course of his employment, he had parked on a highway.

The sole issue presented for review is whether the circuit court was the proper jurisdictional forum for deciding plaintiff's claim that the State employee defendant acted negligently during the course of his employment.

BACKGROUND

Plaintiff filed a complaint against defendant in the circuit court of Cook County alleging that, on March 31, 1990, she was driving northbound on the Edens Expressway (I-94) when she collided with a tow truck that was parked in her lane of traffic. Defendant was the driver of the tow truck. Plaintiff alleged that defendant was negligent because he stopped the vehicle in the moving lanes of traffic without activating his emergency lights, without placing flares or other warning devices in the roadway when weather conditions and character of the road made it unsafe, and without giving sufficient notice to motorists.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2—619(a)(9) of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. (a)(9)). Defendant sought dismissal on the basis that the circuit court action was barred under the doctrines of sovereign and public officials' immunity.

Defendant filed a supporting affidavit with his motion which provided (1) that defendant was employed by the Illinois Department of Transportation as a highway maintainer; (2) that at all relevant time periods of plaintiff's complaint, he was assigned to emergency traffic patrol for the State of Illinois; (3) that his normal and official functions required him to patrol the expressways and highways; (4) that one of his duties was to provide assistance to motorists involved in traffic accidents and to direct traffic around involved vehicles on State highways and expressways; (5) that on March 31, 1990, he was operating an IDOT tow truck and was assigned to the Edens Expressway (I-94); (6) that at approximately 6:50 p.m. on March 31, 1990, while on routine patrol of I-94, he became aware of an automobile accident within 100 feet north of 0.1 miles of Wilson Avenue; (7) that he stopped his State vehicle and activated the arrowhead and emergency lights and then proceeded on foot to investigate the acci-

dent; (8) that a motor vehicle operated by plaintiff at that time and place struck the rear of the aforementioned State tow truck; (9) that at all times he was acting within the scope and course of his employment with IDOT; and (10) that attending to and directing traffic accidents was and is part of his normal and official functions as a highway maintainer with IDOT.

Plaintiff did not file a counteraffidavit with her reply to the motion to dismiss. The trial court dismissed plaintiff's action for lack of subject matter jurisdiction. Plaintiff filed a motion to reconsider which was denied. This appeal followed.

Opinion

Plaintiff contends that a negligence action brought against a State employee for negligence which occurred during the course of employment may be brought in the circuit court. In this case, we disagree.

A

Section 8(d) of the Court of Claims Act provides that the Court of Claims will have exclusive jurisdiction to hear and determine

"[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit ***." (Ill. Rev. Stat. 1991, ch. 37, par. 439.8(d).)

There is no damage limitation in the Court of Claims for tort actions arising from the operation of a State motor vehicle by a State employee. Ill. Rev. Stat. 1991, ch. 37, par. 439.8(d).

The determination of whether an action is a suit against the State turns on an analysis of the issues involved and the relief sought rather than the formal designation of the parties. (*Currie v. Lao* (1992), 148 Ill. 2d 151, 158, 592 N.E.2d 977; *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 549 N.E.2d 1240; *Kiersch v. Ogena* (1992), 230 Ill. App. 3d 57, 60, 595 N.E.2d 696.) Therefore, an action brought nominally against a State employee in his individual capacity will be found to be a claim against the State where the judgment for plaintiff could operate to control the actions of the State or subject it to liability. *Currie*, 148 Ill. 2d at 158; *Kiersch*, 230 Ill. App. 3d at 60-61.

Sovereign immunity attaches only when the State employee is charged with breaching a duty imposed on him solely by virtue of his State employment. *Kiersch*, 230 Ill. App. 3d at 61, 595 N.E.2d 696. Consequently, the proper source of the duty should be analyzed in determining whether sovereign immunity applies. *Currie*, 148 Ill. 2d at 159.

Moreover, sovereign immunity will not help an employee who is charged with breaching only those duties imposed on him as an ordinary driver of a motor vehicle. (*Currie*, 148 Ill. 2d at 160.) An exception to the above-referenced rule arises if the State employee's manner of operating a vehicle is so unique to his employment that a lawsuit aimed at his negligent driving could operate to control the actions and policies of the State. *Currie*, 148 Ill. 2d at 160.

■ In the present case, defendant's actions fell within the purview of the doctrine of sovereign immunity as well as the *Currie* "unique" exception.

By sworn affidavit, defendant stated that he was employed by IDOT in its emergency patrol division and, on the day in question, was engaged in his normal and official functions as a highway maintainer. This job required him to patrol expressways and provide assistance to motorists involved in accidents. On March 31, 1990, while on routine patrol of I-94, he saw an automobile accident, stopped his tow truck, activated the tow truck's emergency lights, and proceeded on foot to investigate. It was at this time that plaintiff struck the rear of defendant's State tow truck.

Providing assistance to automobile accident passengers marooned on a highway was a duty that arose by virtue of defendant's employment as a highway maintainer with the State. Hence, plaintiff's negligence claim challenges the very nature of defendant's job, a challenge which could affect the State's actions and policies.

Further, for a State highway maintainer to stop, activate the tow truck's emergency lights, assist, and investigate an automobile accident is so uniquely related to his employment that plaintiff's lawsuit aimed at his negligent driving could operate to control the actions and policies of the State. Therefore, the doctrine of sovereign immunity applies.

While ordinary citizens are not permitted to park their vehicles on controlled-access highways (Ill. Rev. Stat. 1991, ch. 95½, par. 11—1303(a)(1)(j)), drivers of emergency vehicles, such as defendant, are so permitted. See Ill. Rev. Stat. 1991, ch. 95½, par. 11—205(c)(1).

The purpose of defendant's employ with the State was to assist motorists stranded on highways. The nature of defendant's job duties leads one to believe that he would be reacting to emergency situations. Therefore, we find unpersuasive plaintiff's contention that defendant's tow truck was not an emergency vehicle.

We also find untenable plaintiff's suggestion that sovereign immunity is herein inapplicable because defendant performed job duties which are similar to those performed by drivers for private tow truck

companies. In other words, defendant's duty existed independent of his role as a State employee because it was a duty shared by all drivers.

Private tow truck drivers are not necessarily commissioned with the duty to stop on a highway when they see stranded motorists or disabled vehicles. Nor do they necessarily perform these functions to preserve and maintain the safety of people who drive on Illinois highways. No doubt their primary interest in helping a stranded motorist or disabled vehicle is monetary. Accordingly, we hold that defendant's alleged negligent actions so revolved around his job duties that they were uniquely related to his State employment.

Also misplaced is plaintiff's reliance on *American Family Insurance Co. v. Seeber* (1991), 215 Ill. App. 3d 314, 547 N.E.2d 1222. There, the defendant IDOT employee was operating a six-wheel truck equipped with a snowplow in the course of his employment. As the defendant approached the intersection, he noticed a disabled car resting against the traffic signal located on the median on the west side of the intersection and which was partially blocking the innermost westbound lane of Route 137. The defendant turned left through the intersection, to the east of the disabled car so that his vehicle was between the disabled car and approaching westbound traffic. He thereby also blocked the inner westbound lane to westbound traffic while providing a more visible barricade of that lane to approaching westbound traffic. He stopped the snowplow part way through the turn and reversed before coming to rest in this position. The defendant did not see the plaintiff's insured's car until a split second before the collision.

The plaintiff's insured was traveling westbound on Route 137 in a pickup truck, saw the snowplow begin to enter the intersection from approximately one-half mile away, and slowed down from 40 to 30 miles per hour before he reached the intersection. He was unable to avoid the snowplow as it continued its turn through the intersection because of the snow-covered road conditions. The plaintiff's insured's vehicle struck the blade of the snowplow as his vehicle entered the intersection. The *American Family* court, in affirming plaintiff's award, provided that claims based on a State employee's operation of a motor vehicle were not barred by the doctrine of sovereign immunity.

In *Campbell v. White* (1991), 207 Ill. App. 3d 541, 566 N.E.2d 47, the Illinois Appellate Court deemed that the Court of Claims was the proper forum where a State law enforcement officer who was engaged in a high-speed chase of a suspect negligently caused the sus-

pect's death because the officer was acting within the scope of his employment and alleged negligent acts were uniquely related to his employment. *Campbell*, 207 Ill. App. 3d at 552.

In *Healy*, the plaintiff, then a student at Northern Illinois University and a member of the university's gymnastics team, was injured at the campus while participating in university-sponsored gymnastic activities. She brought an action against two athletic directors, a gymnastic coach, and a gymnastics team trainer alleging that her accident was caused by the defendants' negligent performance of their respective job duties. The defendants moved to dismiss, postulating that the circuit court lacked subject matter jurisdiction over the action and that the Court of Claims provided the only forum for the matter. The circuit court denied the dismissal motions. However, the *Healy* court found that since the plaintiff did not allege that any of the defendants acted outside the scope of their authority, or in violation of the law, exclusive jurisdiction over the action rested in the Illinois Court of Claims. *Healy*, 133 Ill. 2d at 311.

In the case at bar, both parties agree that *Currie* is the prevailing law. In *Currie*, the State trooper's assignment on that date was to patrol and regulate traffic on I-80. However, he gratuitously responded to a nonemergency call in the City of Joliet. As he proceeded to the location, he missed a turn and drove the wrong way on a one-way street. The defendant was beginning a left turn off that street and onto another one when he collided with plaintiff's vehicle in the intersection. The plaintiff testified that the light was green as he entered the intersection and that he checked the intersection for traffic before proceeding. The defendant testified that he was unable to tell if he had the green light as he began his turn because he was driving down the one-way street and the traffic signal for traffic faced the opposite direction. The sole issue before the court was whether the plaintiff's claim against the defendant, an employee of the State of Illinois, was in reality a claim against the State such that the Court of Claims had exclusive jurisdiction over the action.

In rendering its opinion, the Illinois Supreme Court held that *Campbell* was distinguishable from *Currie* because the State trooper in *Campbell* was operating a motor vehicle in a manner in which only a governmental official was authorized to act and the duties accompanying that operation arose solely as a result of the officer's State employment. The defendant in *Currie*, on the other hand, was not performing a function that could not lawfully be performed by other than a governmental official. He was performing the nongovernmental ac-

tivity of driving a motor vehicle in a routine manner on a public street.

The *Currie* court found that it is only when the employee's manner of driving is so uniquely related to the employee's official position that a suit against the employee based on his negligent driving could have the effect of controlling the actions or policies of the State. The *Currie* court found that the defendant's operation of his vehicle at the time of the collision was not uniquely related to his position as a State trooper, and, thus the doctrine of sovereign immunity did not bar action in the circuit court.

However, here, defendant's actions cannot be divorced from his State employment. Therefore, sovereign immunity bars plaintiff's action in the circuit court.

## B

■ Plaintiff advances the argument that sovereign immunity is inapposite because defendant violated a provision of the Illinois Vehicle Code by failing to activate his tow truck emergency lights when he parked his vehicle on the expressway. (Ill. Rev. Stat. 1991, ch. 95½, par. 11—205(d).) We disagree.

Defendant filed a motion to dismiss supported by an affidavit which indicated that, prior to leaving his tow truck, he activated the tow truck's emergency lights. Defendant made his motion pursuant to section 2—619(a)(9) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9)), which involves motions to dismiss that raise affirmative matter avoiding the legal effect of or defeating the claim.

A section 2—619 motion to dismiss affords parties and the court a means of disposing of issues of law or of easily proved facts at the onset of a case. If defects are not apparent on the face of the pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. *Campbell*, 207 Ill. App. 3d at 547-48.

Where, as here, such a motion refutes a conclusion of material fact unsupported by specific facts contained in or inferred from the complaint, it essentially amounts to a summary judgment procedure. (*Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, 1097, 534 N.E.2d 1243.) If a critical issue of material fact is refuted by affirmative matter, a motion made pursuant to section 2—619(a)(9) may be granted. *Palmisano*, 179 Ill. App. 3d at 1097.

In the present case, plaintiff responded to defendant's motion, but did not file a counteraffidavit. If facts within an affidavit are not contradicted by means of a counteraffidavit, then those facts will be taken as true even if there are contrary unsupported allegations in

the opponent's pleadings. *Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 507, 396 N.E.2d 34.

Thus, the trial court correctly dismissed plaintiff's action for lack of subject matter jurisdiction.

## C

■ Plaintiff cites many cases which discuss self-insurance policies and whether the doctrine of sovereign immunity applies under section 64.1 of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1991, ch. 127, par. 63b4(k)). This statute provides that if a State employee engages in any activity covered by self-insurance, including the operation of a motor vehicle, then the State must defend, indemnify, and hold the employee harmless against any tort claim filed against the employee "in any proper judicial forum" for acts or omissions within the scope of his or her employment.

Section 64.1(k) of the Civil Administrative Code is an indemnity provision which does not speak to the issue of what the appropriate judicial forum may be in a particular case. See Ill. Rev. Stat. 1991, ch. 127, par. 63b4(k).

Specifically, plaintiff argues, through citing several cases, that this statute provides the circuit court with jurisdiction over *any* tort claim against a State employee if the State is a self-insurer with respect to the claim.

However, the question of whether the State has insurance as it relates to immunity is irrelevant in the determination of jurisdictional forum. (*Swope v. Northern Illinois Gas Co.* (1991), 221 Ill. App. 3d 241, 242, 581 N.E.2d 819.) Thus, section 64.1(k) was not intended to have an effect on the exclusive jurisdiction of the Court of Claims in a substantive sense. *Henderson v. Beckman Texaco* (1991), 213 Ill. App. 3d 1054, 1059, 573 N.E.2d 369.

## D

Plaintiff contends that the doctrine of public officials' immunity is inapplicable to her claim. By virtue of our disposition of the sovereign immunity issue, and the fact that the trial court did not address this doctrine, we do not consider this issue.

Judgment affirmed.

GORDON, P.J., and MURRAY, J., concur.