GEORGIA KOSTOPOULOS, Plaintiff-Appellant, v. MIKE J. POLADIAN, Defendant-Appellee.

First District (2nd Division)   No. 1—92—1566

Opinion filed December 7, 1993.

Benjamin & Shapiro, Ltd., of Chicago (Fred I. Benjamin and Paul R. Kesselman, of counsel), for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Mark E. Wilson, Assistant Attorney General, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Georgia Kostopoulos, appeals from the dismissal of her personal injury suit for lack of subject matter jurisdiction under the sovereign immunity doctrine. The issues presented for review are whether the circuit court improperly granted defendant's motion to dismiss because it lacked a supporting affidavit, and sovereign immunity and public officials' immunity bar plaintiff's claim.

Plaintiff's complaint, sounding in negligence, sought recovery from defendant, Mike J. Poladian, for damages that she sustained when defendant stopped his vehicle in a lane of highway traffic without giving proper warning, thereby causing her vehicle to collide with defendant's vehicle. Defendant's answer admitted he operated[1] the vehicle, but denied negligence and injury. Defendant's answer also set forth the affirmative defenses of sovereign and public officials' immunity. Plaintiff's reply denied the affirmative defenses.

---

[1]Contrary to plaintiff's assertion, her complaint did not allege and defendant did not admit that defendant was the *owner* of the vehicle, but merely that he was the *operator*.

Defendant moved to dismiss plaintiff's complaint under section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1991, ch. 110, par. 2—619 (now 735 ILCS 5/2—619 (West 1992)) (section 2—619)), arguing that sovereign immunity and public officials' immunity bar plaintiff's claim. The memorandum attached in support stated the following. Defendant was an Illinois Department of Transportation (IDOT) highway maintenance worker assigned to a crew patching potholes. He was operating the backup truck following behind the remaining crew. Performing his duties, defendant parked and remained sitting in the backup truck as the crew patched potholes.

Additionally, in support of his motion to dismiss, defendant attached a complaint and notice of claim that plaintiff had filed against the State of Illinois in the Court of Claims for the same accident. This complaint alleged that the State of Illinois owned the vehicle operated by defendant, who was acting as an agent of the State.

The circuit court ordered stricken those portions of defendant's motion to dismiss concerning public officials' immunity. Later, the circuit court granted defendant's motion to dismiss, finding that it lacked subject matter jurisdiction under the sovereign immunity doctrine. Plaintiff's motion for reconsideration and a rehearing based on the then newly released supreme court opinion, *Currie v. Lao* (1992), 148 Ill. 2d 151, 592 N.E.2d 977, was denied. Plaintiff appeals.

## I

Plaintiff initially contends the circuit court improperly granted defendant's section 2—619 motion to dismiss because the pleadings are devoid of allegations that defendant was acting on behalf of the State, thereby triggering sovereign immunity. Specifically, plaintiff claims that defendant should have filed a supporting affidavit.

Defendant first responds that plaintiff waived review of this asserted procedural deficiency on appeal by failing to raise the issue in the proceedings below. We agree. All defects in pleadings are waived by failure to raise them in the circuit court, where they can be handled more expeditiously than on review. (*Russell v. Hertz Corp.* (1985), 139 Ill. App. 3d 11, 15, 487 N.E.2d 630, *aff'd sub nom. Freund v. Avis Rent-A-Car System, Inc.* (1986), 114 Ill. 2d 73, 499 N.E.2d 473.) In particular, a challenge for failure to support a motion to dismiss with affidavits as required by section 2—619 will be deemed waived where the issue is not raised below. *Village of Gilberts v. Holiday Park Corp.* (1986), 150 Ill. App. 3d 932, 940, 502 N.E.2d 378.

Here, defendant's motion to dismiss stated that he was an IDOT worker parked in a backup truck while other IDOT workers repaired potholes. Attached to defendant's motion to dismiss was a copy of the

complaint which plaintiff had filed in the Court of Claims for the same accident, wherein plaintiff had alleged that defendant was operating a State of Illinois vehicle as an agent of the State. In the proceedings below, plaintiff never challenged these facts as asserted nor did she raise the issue of an affidavit. In fact, her responsive pleading accepted the facts as set forth in the motion to dismiss. Under these circumstances, we conclude that plaintiff waived review of any procedural deficiencies in defendant's motion to dismiss.

## II

The heart of plaintiff's contentions is that the circuit court erred in ruling that sovereign immunity bars her claim.

The Illinois Constitution of 1970 abolished sovereign immunity except as provided for by the legislature. (Ill. Const. 1970, art. XIII, § 4.) The legislature reinstated sovereign immunity in the circuit courts (Ill. Rev. Stat. 1991, ch. 127, par. 801 (now 745 ILCS 5/1 (West 1992))), but established the Court of Claims and endowed it with exclusive jurisdiction to hear, *inter alia*, "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." (Ill. Rev. Stat. 1991, ch. 37, par. 439.8(d) (now 705 ILCS 505/8(d) (West 1992)).) The issue in the present case is whether plaintiff's claim against defendant, a State employee, is in reality a claim against the State such that the Court of Claims has exclusive jurisdiction.

■ The determination of whether a cause of action is against the State depends not on the formal identification of the parties but rather on the issues involved and the relief sought. (*Healy v. Vaupel* (1990), 133 Ill. 2d 295, 308, 549 N.E.2d 1240.) Both parties agree that *Currie v. Lao* (1992), 148 Ill. 2d 151, 592 N.E.2d 977, sets forth the proper inquiry for the instant case:

"An action brought nominally against a State employee in his individual capacity will be found to be a claim against the State where a judgment for the plaintiff could operate to control the actions of the State or subject it to liability. [Citation.]

A State employee is not immunized by sovereign immunity for his own acts of negligence merely because he was acting within the scope of his employment. [Citation.] The issue of when a State employee's on-the-job negligence is immunized has been the focus of numerous divergent, and sometimes contradictory, approaches in the case law. After careful study of these approaches, we conclude that the proper inquiry is to analyze the source of the duty the employee is charged with breaching in committing the allegedly negligent act. Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on

him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court. [Citations.] Conversely, where the employee is charged with breaching a duty imposed on him *independently* of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court. [Citations.] In other words, where an employee of the State, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his State employment, a suit against him will not be shielded by sovereign immunity." (Emphasis in original.) *Currie*, 148 Ill. 2d at 158-59.

■ The *Currie* court specifically addressed the issue of negligent operation of an automobile by a State employee, as here.

"[T]he rule has evolved that claims based on the negligent operation of an automobile by a State employee are generally outside the doctrine of sovereign immunity. [Citations.] The reasoning underlying this rule is apparent: negligence that arises from the ordinary operation of a motor vehicle is based on the breach of the duties every driver owes to every other driver. [Citation.] *** [Sovereign immunity] will not aid an employee who is charged with breaching only those duties imposed on him as an ordinary driver of a motor vehicle." *Currie*, 148 Ill. 2d at 160.

For example, in *Currie*, a State trooper crashed into the plaintiff while driving the wrong way down a one-way street in a nonemergency situation that was out of the primary jurisdiction of a State trooper. (*Currie*, 148 Ill. 2d at 162-63.) Plaintiff's complaint alleged that the State trooper was negligent in operating his vehicle the wrong way on a one-way street, in failing to maintain proper lookout, and in failing to maintain control over his vehicle, among other allegations. (*Currie*, 148 Ill. 2d at 163.) The court found sovereign immunity inapplicable, concluding that the duty the State trooper was charged with breaching did not arise as a result of his employment, but rather as a result of his status as the driver of an automobile on a public roadway. *Currie*, 148 Ill. 2d at 161-63.

The *Currie* court acknowledged that the aforementioned rule is not without exceptions.

"[I]n some circumstances, a State employee's manner of operating a vehicle may be so unique to his employment that a lawsuit aimed at his negligent driving could operate to control the actions and policies of the State." *Currie*, 148 Ill. 2d at 160.

For example, the *Currie* court distinguished *Campbell v. White* (1991), 207 Ill. App. 3d 541, 566 N.E.2d 47, on this ground. There, a State law enforcement officer, while engaged in the high-speed chase of a suspect, crashed into the suspect's vehicle causing the suspect's

death. (*Campbell*, 207 Ill. App. 3d at 544-45.) The *Currie* court approved of the application of sovereign immunity in *Campbell* because the officer was operating a motor vehicle in a manner uniquely related to his government employment as only officers are authorized to engage in high-speed chases. *Currie*, 148 Ill. 2d at 163-64.

■ Without providing an analysis, plaintiff simply maintains that sovereign immunity is inapplicable to her claim because she is charging defendant with a breach of duty independent of his State employment, as in *Currie*. To the contrary, defendant argues that sovereign immunity is applicable because the duty he is charged with breaching is uniquely related to his State employment. He notes that he, as an IDOT employee, followed in a IDOT backup truck while other IDOT workers fixed potholes. Defendant submits that it is absurd to suggest that he owed a duty to plaintiff just like "every driver owes to every other driver" (*Currie*, 148 Ill. 2d at 160), because only drivers of State vehicles "actually engaged in work upon a highway" have any legal right to stop a truck on a highway. (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, pars. 11—205(f), 11—1301(a) (now 625 ILCS 5/11—205(f), 5/11—1301(a) (West 1992)).) We agree with defendant.

Section 11—1301(a) of the Illinois Vehicle Code (Code) provides that "no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or so leave such vehicle off the roadway, but in every event *** a clear view of such stopped vehicle shall be available from a distance of 200 feet in each direction upon such highway." (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—1301(a) (now 625 ILCS 5/11—1301(a) (West 1992)) (section 11—1301(a)).) Section 11—205(f) of the Code provides an exemption from section 11—1301(a) for all "persons, motor vehicles and equipment while actually engaged in work upon a highway." (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—205(f) (now 625 ILCS 5/11—205(f) (West 1992)).) This exemption applies in the present case. We held, *supra*, that plaintiff waived her right to challenge defendant's assertion in his motion to dismiss that he was a highway maintenance worker for IDOT operating a backup truck parked behind a crew repairing potholes. Therefore, defendant had no statutory duty to refrain from parking on the highway in the manner alleged in plaintiff's complaint.

■ The question remains whether this is one of those situations where "a State employee's manner of operating a vehicle [is] so unique to his employment that a lawsuit aimed at his negligent driving could operate to control the actions and policies of the State." (*Currie*, 148 Ill. 2d at 160.) First, it should be determined whether

operating a backup truck in the manner involved here is unique to defendant's State employment. Defendant parked the backup truck upon the highway behind the IDOT crew repairing potholes as part of his official function as a State highway maintenance worker. He was performing his official duties precisely as required by the State. In contrast, the ordinary operation of a motor vehicle requires no similar functions and gives rise to no similar duties. We conclude that driving and stopping a backup truck on the highway is unique to road repair work and, therefore, to defendant's State employment. The present case is more analogous to *Campbell*, where sovereign immunity applied to a police officer conducting a high-speed chase of a suspect, than to *Currie*. See also *Landon v. Jarvis* (1993), 255 Ill. App. 3d 439, 442-47.

Next, we consider whether a lawsuit aimed at defendant's negligent driving could operate to control the actions and policies of the State. Defendant argues that if this lawsuit is allowed to proceed against him, it could operate to control the policies and procedures of the IDOT relating to road repair work. We agree and conclude that the State's actions and policies in this instance may be controlled to the same extent that they were in *Campbell*.

## III

In the alternative, defendant asserts on appeal that he is immune from plaintiff's suit under the doctrine of public officials' immunity. We need not address this issue because we are affirming the circuit court's dismissal of plaintiff's complaint as lacking subject matter jurisdiction under the sovereign immunity doctrine.

For the reasons set forth above, we affirm the circuit court's dismissal of plaintiff's complaint.

Affirmed.

SCARIANO and DiVITO, JJ., concur.